UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LANCE WICKNER,

    Plaintiff,

v.

DEPARTMENT OF HUMAN
SERVICES; SHELBY R.
RICHARDSON; and JOHN DOE,
*unidentified mailroom staff*,

    Defendants.

Case No. 17-cv-792 (DWF/DTS)

REPORT AND RECOMMENDATION

---

Lance Wickner, MSOP, 1111 Highway 73, Moose Lake, MN 55767, *Pro Se* Plaintiff

Nicholas Anderson, Office of the Minnesota Attorney General, 445 Minnesota Avenue, Suite 1100, St. Paul, MN 55101, for Defendants

---

    Lance Wickner sued the Minnesota Department of Human Services (DHS) and Shelby Richardson[1] challenging the constitutionality of the Client Mail Policy of the Minnesota Sex Offender Program (MSOP). He asserts that the policy classifying client mail to and from the Minnesota Attorney General's (AG) Office as ordinary mail (rather than legal or privileged mail) that is opened and visually scanned by MSOP staff outside his presence violates his First Amendment rights. Defendants moved to dismiss, asserting that Wickner's claims are barred by the doctrine of issue preclusion,[2] by the

---

[1] Nancy Johnston replaced Shelby Richardson as MSOP Executive Director. *See* Defs. Br. 1 n.1, Docket No. 15.

[2] Defendants assert that Wickner's lawsuit is barred by "issue preclusion" (*i.e.*, collateral estoppel) rather than by "claim preclusion" (*i.e.*, res judicata). For reasons that will be made clear in the body of this Report and Recommendation, it is the Court's view that the matter is properly analyzed under the doctrine of res judicata.

Eleventh Amendment, and by failure to adequately plead his claim. For the reasons stated below, the Court recommends that Defendants' motion to dismiss be granted, but not for the precise reasons argued by Defendants.

## FINDINGS OF FACT

Wickner is a civilly committed person who resides at the MSOP in Moose Lake, Minnesota. Compl. ¶ 2, Docket No. 1. In March 2017 he brought a lawsuit challenging the constitutionality of the Client Mail Policy (Policy No. 420-5030)[3] and seeking damages and injunctive and declaratory relief against DHS and Richardson, who was then the MSOP Executive Director, in her official and individual capacity. *Id.* ¶¶ 2, 4-5 and Count I. Wickner alleged the policy of "opening incoming and outgoing mail outside of an inmate's presence" is unconstitutional because "it is not reasonably related or narrowly tailored to the purpose of treatment of civilly committed individuals" and "chills the plaintiff[']s access to governmental entities that are intimately related to the administration of justice and violates Plaintiff[']s right to receive and send mail as protected by the First Amendment." *Id.* Count 1.

Wickner specifically complained that the policy categorizes mail to and from the Minnesota AG's Office as ordinary mail rather than legal mail. *Id.* ¶¶ 9-10, 18. Under the policy, ordinary or "general" mail is subject to opening and visual inspection by staff outside the client's presence, whereas "legal" and other "privileged" mail is subject to opening and visual inspection only when the client is present. Client Mail Policy at 3-9

---

[3] A copy of Policy No. 420-5030 "Client Mail – Minnesota Sex Offender Program," effective Aug. 2, 2016, is found at Docket No. 16-1.

(PROCEDURES ¶ B "Incoming Client Mail"; ¶ D "Outgoing General Mail"; and ¶ I "Processing Legal and Privileged Client Mail"), Docket No. 16-1.[4]

The policy defines "legal mail" as follows:

Legal mail – includes correspondence to or from court, court staff, verified attorneys and established groups of attorneys involved in representing clients in judicial proceedings. The destination or return address must clearly indicate it is to or from one of these sources to qualify as legal mail. Legal mail does not include:
    1.    mail to/from the Minnesota Attorney General Office (AGO); or
    2.    mail to/from individual attorneys in the AGO, attorneys working for the Minnesota Department of Human Services (DHS) and/or MSOP attorneys.

*Id.* at 1 (DEFINITIONS).

The policy defines "privileged mail" as follows:

Privileged mail – includes legal mail and mail to or from the Ombudsman for Mental Health and Developmental Disabilities, the Office of Health Facility Complaints, the common entry point in Nicollet and Carlton counties, the United States Internal Revenue Service, the Minnesota Department of Revenue, or state and federal elected officials, and official absentee ballots for local, state, or federal elections. The destination or return address must clearly indicate it is to or from one of these sources in order to be defined as privileged mail. Privileged mail also includes mail to or from the following:
    1.    American Civil Liberties Union;
    2.    Bureau of Criminal Apprehension;
    3.    Bureau of Indian Affairs;
    4.    Central Office Grievance Appeal Coordinator;
    5.    Federal Bureau of Investigation;
    6.    Foreign country consulates;
    7.    Joint House Senate Subcommittee on Claims;

---

[4] The processing of privileged (including legal) mail also includes additional steps such as meeting with the client to verify the client's identity using his photo identification badge when receiving such mail, and having the client sign a receipt verifying that he received the privileged mail. *See id.* at 7-8 (¶ I "Processing Legal and Privileged Client Mail").

8. Minnesota and federal Congress members (except bulk mail);
9. Minnesota and federal Departments of Health;
10. Minnesota Civil Liberties Union;
11. Minnesota Department of Human Rights;
12. Minnesota Governor's Office;
13. Minnesota professional licensing boards;
14. Minnesota State Bar Association;
15. President of the United States;
16. State Law Library;
17. Tribal councils;
18. United States Department of Justice;
19. United States Marshals Service;
20. United States Office of Civil Rights;
21. United States Postmaster; and
22. Minnesota Department of Human Services (DHS) Licensing Division.

*Id.* at 2

Wickner alleged that on February 24, 2017 he placed in outgoing mail a letter addressed to an Assistant AG and clearly marked the envelope as legal mail. Compl. ¶ 11, Docket No. 1. He wanted to contact the Assistant AG regarding a court order in a federal lawsuit brought by Wickner in which the Assistant AG represents the opposing parties. *Id.* ¶ 13; *see also Wickner v. Bender, et al.*, District of Minnesota Case No. 12-cv-1452.[5] Three days later mailroom staff returned the envelope and its contents to him with a note stating, "not legal mail please unseal." Compl. ¶ 12, Docket No. 1. The following day Wickner "unsealed the clearly marked legal mail to [the assistant AG] and placed it back into the mail," after which an MSOP mailroom staff person ("John Doe") treated it as general mail and opened and visually inspected the contents outside

---

[5] The Court takes judicial notice of the docket and court filings which show that this Assistant AG represents the defendants in that lawsuit. *See* Fed. R. Evid. 201(b) (judicial notice); *Zimmerman v. Bellows*, 988 F. Supp. 2d 1026, 1029 n.1 (D. Minn. 2013) (judicial notice of court docket).

4

Wickner's presence. *Id.* ¶¶ 13-14. That same day Wickner wrote a complaint about this incident to the mailroom supervisor, to which he received a response stating, "please refer to the MSOP Client Mail Policy; the attorney general is not listed as privileged or legal mail." *Id.* ¶¶ 15-18.

Wickner asserted he was and will continue to be "injured by these alleged violations" of opening and inspecting mail outside his presence. *Id.* Count 1. He asked the Court to find the Mail Policy violates the First Amendment; to enjoin Defendants from treating mail to and from the Minnesota AG's Office as general mail and opening and inspecting it outside his presence; to award punitive damages of $10,000 against Richardson and against John Doe, each in their individual capacity; and to award attorney's fees and costs to him. *Id.* at 3-4 (Relief Requested).

In May 2017 Defendants moved to dismiss Wickner's complaint for lack of jurisdiction under Rule 12(b)(1) or failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Docket No. 15. The parties briefed the motion, but the Court never issued a ruling because on June 30, 2017 the case was stayed pending resolution of *Karsjens v. Jesson*, District of Minnesota Case No. 11-cv-3659, a class action lawsuit brought on behalf of all civilly committed persons in MSOP. The *Karsjens* lawsuit raised several constitutional challenges to Minnesota's civil commitment statute and various MSOP policies and operations, including the Client Mail Policy. Docket No. 25.

After the stay was lifted for this matter on October 22, 2018, the Court set a supplemental briefing schedule on the motion to dismiss. Docket Nos. 27, 31. Defendants reasserted their previous grounds for dismissing the lawsuit and further

5

argued that *Karsjens* bars Wickner, a class member in that lawsuit,[6] from re-litigating the constitutionality of the MSOP Client Mail Policy.

## CONCLUSIONS OF LAW

Res judicata (or "claim preclusion") bars re-litigation of a claim when three elements are met: (1) the prior judgment was rendered by a court of competent jurisdiction; (2) the judgment was a final judgment on the merits of the claim; and (3) the same cause of action and the same parties were involved in both cases. *See Lane v. Peterson*, 899 F.2d 737, 742 (8th Cir. 1990). As demonstrated below, all three elements are met in this case. Accordingly, res judicata bars Wickner's attempt to re-litigate his claim that MSOP's Client Mail Policy violated the First Amendment to the United States Constitution.

In *Karsjens v. Piper*, Plaintiff brought a class-action suit against the Sex Offender Program and several individuals, claiming, inter alia, that the MSOP Client Mail Policy violated the class members' First Amendment rights of free speech and freedom of association. *See Karsjens v. Piper*, 336 F. Supp. 3d 974, 993-94 (D. Minn. 2018); Decl. of Brett Terry, Ex. 1 (Third Am. Compl. ¶¶ 161a-b, 307-15), *Karsjens*, 336 F. Supp. 3d 974 (Civil No. 11-3659), Docket No. 36. The version of the policy at issue in *Karsjens* is the same in all material respects as the policy challenged by Wickner in this action. *See* Client Mail Policy (Policy No. 302.030, effective Nov. 4, 2014), *Karsjens*, 336 F. Supp. 3d 974 (Civil No. 11-3659), Docket No. 725-1. The Court granted summary judgment to

---

[6] The certified class consisted of all patients currently civilly committed to the MSOP pursuant to Minn. Stat. § 253B, the Minnesota Civil Commitment and Treatment Act. *Karsjens*, 336 F. Supp. 3d at 978. Wickner acknowledges he was a class member in *Karsjens*. *See* Pl.'s Supp. Br. 2, Docket No. 34.

defendants on those First Amendment claims and specifically noted that "an MSOP mail policy permitting the inspection of mail . . . ha[s] survived Frist Amendment scrutiny," citing *Semler v. Ludeman*, Civil No. 09-732, 2010 WL 145275, at *11, 15-16 (D. Minn. Jan. 8, 2000):

> Plaintiffs dispute Defendants' safety and security justification for [the Mail policy], arguing that Defendants offer only conclusory assertions.
>
> [However], the Court concludes that summary judgment is warranted on Plaintiffs' First Amendment claims in Count IX. In particular, the Phase One trial testimony of the Rule 706 Experts as well as caselaw evaluating the MSOP policies informs this court's conclusions with respect to the policies challenged under this claim. Plaintiffs have failed to raise a genuine dispute over whether Defendants' policies implicating speech and association are an unreasonable restriction on Plaintiffs' First Amendment rights as applied to the Class as a whole. The Court therefore grants summary judgment to Defendants' on Count IX.

336 F. Supp. 3d at 994

Wickner admits he was a member of the class certified by the Court in *Karsjens*. Therefore, he was bound by the outcome of that action. *Cooper v. Federal Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984) ("[U]nder elementary principles of prior adjudication a judgment in a properly entertained class action is binding on class members in any subsequent litigation."] The District Court issued judgment against *Karsjens* on the claim that MSOP's Client Mail Policy violated the class members' First Amendment rights to free speech and freedom of association. Though Plaintiffs have appealed from the judgment in *Karsjens* they have specifically excluded from that appeal the summary judgment dismissing Count IX. Notice of Appeal at 2, Docket No. 1118. Therefore, the Court's judgment on the First Amendment claim is now a final judgment on the merits of that claim issued by a court of competent jurisdiction.

The court, however, explicitly noted that its judgment dismissing the class's First Amendment claims did not "foreclose committed individuals at the MSOP from advancing individual freedom-of-speech and association claims in separate litigation." 336 F. Supp 3d at 994, n.13. Thus, the question in the first instance is whether the claim raised by Wickner in this action is truly an individual claim predicated on individual allegations, or whether it is merely a reiteration of the class claim asserted in a separate action. Because this Court finds Wickner's First Amendment challenge to the MSOP Client Mail Policy is not individual to him or based on factors that differentiate it from the class claim, Wickner is barred from re-litigating that claim here.

To begin, Wickner's challenge to the MSOP Client Mail Policy stems directly from his status as a class member. Wickner alleges that the "Policy . . . is Unconstitutional" because "it is not reasonably related or narrowly tailored to the purpose of treatment of civilly committed individuals and . . . chills the plaintiffs [sic] access to governmental entities . . . protected by the First Amendment." Compl. Count 1. That is precisely the claim that the Court considered and dismissed in *Karsjens*. The allegation that the application of the policy to Wickner chills his First Amendment rights, though couched in individual terms, nonetheless stems entirely from Wickner's status as a civilly committed person, and nothing more. Certainly, the *Karsjens* Court's express exception for individual claims was not intended as a vehicle for all prior class members to re-litigate their class-based claims in hundreds of separate "individual actions."

Nor does Wickner's allegation that the Client Mail Policy was in fact applied to his mail on a particular occasion take this case outside the scope of the prior judgment. That allegation merely establishes the policy was in fact applied to Wickner—a fact that

8

was presumed by the Court in *Karsjens*. Similarly, the claim against "John Doe" is not individual to Wickner. John Doe just happens to be the person who performed the ministerial act of applying the policy to Wickner's letter. Nor does the fact that Wickner challenges a particular aspect of the policy—that the definition of "legal mail" does not include mail to and from an Assistant Attorney General—change the analysis, as the Court previously considered the policy in its entirety. The fact that the parties and the Court may not have focused particularly on the question of mail to and from the Attorney General's Office is of no consequence. *C.f. Knutson v. City of Fargo*, 600 F.3d 992, 998-99 (8th Cir. 2010) (holding that claim preclusion barred defendants' federal claim that was not brought in state court, despite arising from "the same underlying factual circumstances").

Properly construed, the Court's footnote in *Karsjens* allowing individual claims challenging the constitutionality of the Client Mail Policy to proceed requires either an allegation that, for reasons particular to Wickner's treatment, the policy is not reasonable when applied to him, or that its application to him caused a particularized injury. But even assuming Wickner has intended to allege such a particularized claim, this action must nonetheless be dismissed for failure to adequately plead such a claim.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead sufficient facts, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although a *pro se*

9

complaint is liberally construed, it must still contain specific facts sufficient to support its legal conclusions. *Kaylor v. Fields*, 661 F.2d 1177, 1183 (8th Cir. 1981). Thus, while a court accords deference to *pro se* pleadings, it will not supply facts that are not alleged that might support the plaintiff's claim. *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

Wickner has pleaded no facts regarding his specific treatment needs or regimen that would render application of the Client Mail Policy to him unreasonable or unconstitutional. Nor has Wickner pleaded any facts on which the Court could find that the application of the policy to him as described in his complaint caused any particular injury. Wickner does not allege that the one piece of mail at issue was sent to his attorney, instead admitting that it was sent to an Assistant Attorney General who was representing the opposing party in litigation Wickner brought. Further, he has provided no explanation as to how this application of the Client Mail Policy hindered his efforts to pursue a non-frivolous claim. He only alleges that the incident ". . . [chilled his] access to governmental entities that are intimately related to the administration of justice. . . ," which is nothing more than a mere conclusion. *See Iqbal*, 556 U.S. at 678.

Wickner has failed to allege an individual First Amendment claim; this action is encompassed within the *Karsjen*s judgment and Wickner may not re-litigate this claim here. Because Wickner's claim is barred in its entirety by the doctrine of claim preclusion, the Court will not address the other grounds for dismissal urged by Defendants.

## RECOMMENDATION

IT IS HEREBY RECOMMENDED that Defendants' Motion to Dismiss [Docket No. 13] be **GRANTED**.

Dated: February 28, 2019                                  s/David T. Schultz
                                                          DAVID T. SCHULTZ
                                                          United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

11