**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Lance Wickner,                                        Civil No. 17-792 (DWF/DTS)

                 Plaintiff,

v.                                                **ORDER ADOPTING REPORT
AND RECOMMENDATION**

Department of Human Services,
Shelby R. Richardson, and John Doe,
*unidentified mailroom staff*,

                 Defendants.

      This matter is before the Court upon *pro se* Plaintiff Lance Wickner's ("Plaintiff") objections (Doc. No. 40) to Magistrate Judge David T. Schultz's February 28, 2019 Report and Recommendation (Doc. No. 39) insofar as it recommends that Defendants' Motion to Dismiss be granted. Defendants Department of Human Services and Shelby Richardson filed a response to Plaintiff's objections on March 14, 2019. (Doc. No. 41.)

      The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Plaintiff's objections. In the Report and Recommendation, the Magistrate Judge concluded that Plaintiff's lawsuit challenging the constitutionality of the Minnesota Sex Offender Program's ("MSOP") Client Mail Policy is barred in its entirety by the doctrine of claim preclusion because the issue of the constitutionality of the MSOP Client Mail Policy was resolved in Defendant's favor in *Karsjens v. Piper*, 336 F. Supp. 3d 974 (D. Minn. 2018). In particular, the Magistrate Judge noted that Plaintiff's challenge to

the policy stems directly from his status as a class member in *Karsjens*, a class-action suit against MSOP and several individuals claiming (among other things) that the MSOP Client Mail Policy—which is the same in all material respects as the policy challenged in this action—violates the class members' First Amendment rights of free speech and freedom of association. (Doc. No. 39 at 6 (citing *Karsjens*, 336 F. Supp. 3d at 992-94 (D. Minn. 2018)).) The Magistrate Judge further noted that the Court granted summary judgment in Defendants' favor on those First Amendment claims and, although Plaintiffs appealed from the judgment in *Karsjens*, Plaintiffs have not appealed the judgment dismissing the First Amendment claim challenging the MSOP Client Mail Policy (Count IX in *Karsjens*). (*See* Doc. No. 1118 in Civ. No. 11-3659 ("Plaintiffs' appeal of this order is limited to the District Court's dismissal of Counts III, V, VI and VII.").) Finally, the Magistrate Judge explained that Plaintiff's challenge to the MSOP Client Mail Policy here stems entirely from his status as a civilly committed person and, therefore, does not fit into the Court's express exception for individual claims the *Karsjens* case. *See Karsjens*, 336 F. Supp. 3d at 994 n.13.

Plaintiff objects to the Report and Recommendation. The crux of Plaintiff's objection rests on the argument that the constitutionality of MSOP's Client Mail Policy, insofar as it alleges that the treatment of mail to and from the Attorney General's Office as non-legal mail, was not decided in *Karsjens*. In this same vein, Plaintiff submits that the Court in *Karsjens* solely addressed class-wide claims of systemic constitutional

violations and argues that the present action involves an individual claim. As such, Plaintiff argues that there was no final, valid judgment on the issue and Plaintiff did not have a full and fair opportunity to litigate the matter. In their response, Defendants maintain that the Report and Recommendation is correct and that res judicata bars Plaintiff from re-litigating the constitutionality of the MSOP Client Mail Policy because it was resolved in *Karsjens*. In addition, Defendants submit that Plaintiff's objection recites the same arguments submitted in response to Defendants' motion to dismiss.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). After this review, the Court finds no reason that would warrant a departure from the Magistrate Judge's recommendations, which are both factually and legally correct. In particular, the Magistrate Judge correctly determined that the MSOP Client Mail Policy at issue here is the same in all material respects as the policy at issue in *Karsjens* and, in particular, that the policies at issue in both cases exclude mail to and from the Attorney General's Office from the definition of "legal mail." The Court in *Karsjens* upheld the Client Mail Policy in its entirety. *Karsjens*, 336 F. Supp. 3d at 994. In addition, Plaintiff alleges that Defendants applied the Client Mail Policy as written, and not in any individualized way, thus belying the argument that this case involves an individual claim that differentiates it from the class claim. (Doc. No. 1 ("Compl.") ¶¶ 7-18.) Because Plaintiff's claim in this action is encompassed by the judgment in

3

*Karsjens*, where the Court found that the MSOP Client Mail Policy did not violate the class members' (including Plaintiff's) First Amendment rights to free speech and freedom of association, Plaintiff's claim here is barred by the doctrine of res judicata.

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

### ORDER

1. Plaintiff Lance Wickner's objections (Doc. No. [40]) to Magistrate Judge David T. Schultz's February 28, 2019 Report and Recommendation are **OVERRULED**.

2. Magistrate Judge David T. Schultz's February 28, 2019 Report and Recommendation (Doc. No. [39]) is **ADOPTED**.

3. Defendants' Motion to Dismiss (Doc. No. [13]) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 15, 2019
s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge